Submitted on briefs August 31, affirmed September 27, 1927.

# W. L. HOUK, ADMINISTRATOR, v. M. B. GILMORE.

(259 Pac. 891.)

**Evidence—Written Contract, Copy of Which was Signed, and Unsigned Copy Delivered Held not Variable by Parol Testimony (Or. L., § 713).**

1. Under Section 713, Or. L., where written contract relating to employment was in two copies, one of which was signed by employee who sent unsigned copy to employer, and parties operated under such agreement four months, law presumes entire agreement between parties was embodied therein, and it could not be contradicted or varied by parol testimony.

**Master and Servant—Formal Delivery of Written Contract of Employment, Under Which Parties Operated, Held not Necessary.**

2. Where employee signed one of two copies of written contract relating to employment and sent unsignd copy to employer, contract was binding without formal delivery, but fact that parties operated for four months thereunder in accordance with its terms showed delivery.

**Evidence—Where Checks Received by Employee Suing Employer had Written Thereon "In Full," Instructing That Receipt was Only Prima Facie Evidence Subject to Explanation Held Proper.**

3. In action on contract of employment where checks which plaintiff employee received in payment for services contained words "In full," in body of check, instructing that receipt was only *prima facie* evidence of payment and was subject to explanation by other evidence, which could be considered when arriving

---

1. Parol evidence rule, see note in 56 **Am. St. Rep.** 659. See, also, 10 **R. C. L.** 1016.

3. Receipt as evidence of payment, see note in 72 **Am. St. Rep.** 590. See, also, 21 **R. C. L.** 122.

at whether plaintiff was paid in full at time checks were given, was proper.

**Trial—Error in Admission of Evidence Held Cured by Striking It Out and by Subsequent Stipulation.**

4. In action on contract of employment permitting plaintiff's attorney, as witness for plaintiff, to enter into details regarding conversation had with defendant's attorney pertaining to increase of defendant's business, on which compensation partly depended, was cured by instructing jury to disregard, especially in view of stipulation in open court as to amount of increase in business.

**Evidence—Order of Court Directing Defendant Sued on Contract to Produce Account-books Held Discretionary.**

5. In action on contract of employment, where plaintiff's additional compensation depended to some extent on increase of sales over those of preceding year, requiring defendant to produce account-books on plaintiff's motion without previous demand was in court's discretion, and in view of fact that books were not produced because counsel stipulated as to fact intended to be established thereby, defendant cannot complain.

**Evidence—Excluding Negotiations Leading Up to Making Written Agreement of Employment Held Proper (Or. L., § 713).**

6. Under Section 713, Or. L., in action on written contract of employment, excluding negotiations leading up to making agreement was proper.

**Appeal and Error—Erroneous Instruction That Plaintiff Claimed to be Entitled to Money Remitted from Salary at End of Term of Employment Held not Prejudicial to Defendant, in View of Judgment.**

7. In action on employment contract, where plaintiff alleged, and evidence tended to prove, remission of $100 of salary due her for two months, erroneous instruction that plaintiff claimed she was entitled to $100 remitted from salary at end of term of employment was not prejudicial to defendant, in view of fact that plaintiff recovered judgment in accordance with her complaint, which did not include such amount.

---

Appeal and Error, 3 C. J., p. 1410, n. 42; 4 C. J., p. 810, n. 42, p. 962, n. 48, p. 969, n. 56, p. 990, n. 25, p. 1029, n. 30, p. 1068, n. 22.
Contracts, 13 C. J., p. 308, n. 11, p. 793, n. 4.
Discovery, 18 C. J., p. 1127, n. 39.
Evidence, 22 C. J., p. 1098, n. 96, p. 1102, n. 97.

From Lane: G. F. SKIPWORTH, Judge.

In Banc.

This is an action for compensation for services. The plaintiff and defendant entered into a contract whereby plaintiff was to work for defendant for a

period of one year. Defendant agreed to pay plaintiff at the rate of $200 per month and as additional compensation 2 per cent of the increase of the sales over the preceding year. Plaintiff began her work for the defendant on the eighth day of September, 1924, and worked until the eighth day of September, 1925. Defendant caused the agreement to be reduced to writing in duplicate. She signed both copies of the contract and sent them to plaintiff with the request that she sign them and return one of them to defendant. Plaintiff signed only one of the copies of the contract which she kept. She returned the other copy to the defendant which was retained by the defendant without objection. Defendant paid to plaintiff $200 per month as agreed until January 1, 1925. Both parties agreed in their testimony that on January 1st the written contract was modified so that plaintiff was to receive and did receive only the sum of $150 for each of the months January and February, 1925. Plaintiff claims that on March 1, 1925, she insisted that she be paid for the balance of the term the rate agreed upon in the written contract, to wit: $200 per month. Defendant insists that on or about the fifteenth day of March, 1925, plaintiff demanded the sum of $200 per month as specified in the contract but defendant refused to pay said amount and that the contract was abrogated and a new one entered into whereby the plaintiff was to receive the sum of $150 per month in full satisfaction of her services to the end of the year. Plaintiff further claims that she agreed to accept $150 per month to the end of the year under the express promise that the defendant would pay her at the end of the year the additional $50 per month from the first day of March, 1925. The case was tried to a jury and the

jury returned a verdict in favor of the plaintiff for the full amount demanded. A number of alleged errors are assigned by defendant who appeals, but only the assignments treated in defendant's brief will be considered. The other errors will be deemed to have been abandoned.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. J. M. Devers* and *Mr. S. M. Calkins.*

For respondent there was a brief over the name of *Mr. Fred E. Smith.*

COSHOW, J.—1, 2. The first error submitted in defendant's brief is the ruling of the court that the written contract was the only evidence of the agreement entered into between the parties. It is the contention of defendant that, inasmuch as the copy of the contract returned to defendant was not signed by the plaintiff, there was no delivery of the contract and that the writing is not evidence of the agreement between the parties. We cannot agree with this contention. It was admitted that the copy of the contract possessed by the plaintiff was the agreement as prepared by defendant through her attorney. Defendant admitted that she signed that contract. There was no change made in it by the plaintiff. It was signed by her just as it came from the defendant. The parties operated under the agreement during the first four months. Plaintiff returned the copy of the contract she had not signed to the defendant who made no objection to the incompleteness of that copy. Under these circumstances the writing was the evidence of the agreement entered into between the parties. It could not be contradicted or varied by parol testimony. The presumption of law

is that the entire agreement between the parties was embodied in that writing: Or. L., § 713. It was not necessary for any formal delivery of the contract: *Kinney* v. *Schlussel,* 116 Or. 376, 381, 394 (239 Pac. 818). But we think a delivery was shown. The fact that the parties operated under the contract in accordance with its terms for four months is evidence of a delivery.

3. Defendant complains because the court instructed the jury that:

" * * * a receipt is not absolute verity of payment; but is only *prima facie* and is subject to explanation by other evidence, and can be considered by the jury together with all the other evidence in this case, as to whether or not the plaintiff was paid in full at the time those checks were given."

This instruction was given because of evidence to the effect that a number of the checks which plaintiff received in payment of her services embodied the words "in full" in the body of the check. We think the instruction was properly given: *Marks* v. *Twohy Bros. Co.,* 98 Or. 514, 528 (194 Pac. 675).

4. Defendant complains because plaintiff's attorney as a witness in behalf of plaintiff entered into details regarding a conversation he had with an attorney for the defendant. This conversation pertained to the increase over the preceding year of the business of defendant during the year plaintiff was employed. Defendant cannot complain here because of that error for two reasons. First, the court struck out all the evidence and instructed the jury to disregard it; second thereafter counsel in open court stipulated that the increase referred to amounted to $6,100; consequently the error complained of was cured.

5. In the same connection defendant complains because she was required to produce her account-books

on motion of plaintiff although previous demand had not been made. It was in order for the court to direct the defendant to produce her books notwithstanding due notice had not been given. The ruling was in the sound discretion of the court. Defendant cannot complain of it because the books were not produced. Instead thereof her counsel stipulated in open court the fact intended to be established by the books.

6. Another complaint advanced in defendant's brief is that she should have been permitted to have gone into the negotiations leading up to the making of the agreement and reducing the same to writing. This complaint is not well founded. The agreement having been reduced to writing and executed by the parties is to be considered as containing all the terms of the agreement: Or. L., § 713.

7. Defendant also complains because the court instructed the jury that plaintiff contended that she was to be paid $100, the amount she remitted from her salary during the months of January and February, 1925. The plaintiff in her pleadings alleged that she remitted $100 of her salary during those two months. Her testimony supported the allegation. The court erroneously instructed the jury that plaintiff claimed that she was entitled to the $100 so remitted, at the end of the term of her employment. This error on the part of the court was not prejudicial to the defendant. The plaintiff did complain of it and saved an exception. The plaintiff recovered judgment in accordance with her complaint, which did not include the $100 mentioned above.

Finding no material error the judgment of the Circuit Court is affirmed.        AFFIRMED.